**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| **LAURIE LABREE**, § | |
| *Plaintiff*, § | |
| v. § | |
| § | **EP-24-CV-00194-MAT** |
| **COMMISSIONER OF THE SOCIAL** § | |
| **SECURITY ADMINISTRATION** § | |
| *Defendant*. § | |

## ORDER REGARDING EAJA FEE MOTION

Before the Court is Plaintiff Laurie Labree's ("Plaintiff") "Unopposed Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA")" filed on October 29, 2024. Pl.'s Mot. Att'y Fees [hereinafter Pl.'s Mot.], ECF No. 17. Plaintiff also filed a brief in support of the Motion. Pl.'s Mem. Supp. Mot. 6–19 [hereinafter, "Pl.'s Mem."], ECF No. 17. By her Motion, Plaintiff asks the Court to award attorney fees pursuant to the EAJA, 28 U.S.C. § 2412(d), as the "prevailing party" in the above-styled cause of action. The EAJA provides a mandatory attorney fee award for a prevailing party in a civil suit against the federal government, including "proceedings for judicial review of agency action." *See* 28 U.S.C. § 2412(d)(1)(A). Once the plaintiff establishes eligibility, the government must pay attorney fees unless it is able to prove that its position was substantially justified, or special circumstances make an award unjust. *Id.*; *Herron v. Bowen*, 788 F.2d 1127, 1130 (5th Cir. 1986) (per curiam).

The record reflects that on October 22, 2024, this Court issued an Order, reversing the Commissioner's decision and remanding Plaintiff's case to the Social Security Administration pursuant to sentence four of 42 U.S.C. § 405(g). Order, ECF No. 14. The Fifth Circuit has held that a party who obtains a remand in a social security appeal pursuant to the fourth sentence of 42

U.S.C. § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324, 1324 (5th Cir. 1994) (per curiam).

Plaintiff requests fees in the amount of $6,412.14. Pl.'s Mem. 7–8.[1] In support of the Motion, Plaintiff's counsel submitted an itemization of the hours she and her colleagues spent representing Plaintiff in this case. Ex. B, at 5, ECF No. 17-2. Plaintiff's counsel declares that Attorney Kira Treyvus, Attorney Bryan Konoski, and Paralegal Tara Quinones spent a total of 27.7 hours on this matter. *Id*. Plaintiff's counsel argues that the reasonable hourly rate, adjusted for cost of living, is $243.75 and $251.25 for Attorney Treyvus, $251.25 for Attorney Konoski, and $120.00 for Paralegal Quinones.[2] *Id.* The Commissioner objects to .75 hours of paralegal work and the paralegal's hourly rate of $120.00. Pl.'s Mem. 7–8. After discussion, Plaintiff agreed to deduct the .75 hours and reduce the paralegal hourly rate to $100.00, lowering the total requested attorney fees to $6,412.14. *Id.* The Court finds that the agreed-upon sum of $6,412.14 should be awarded as reasonable fees.

The Court next addresses to whom the attorney fees should be made payable. In *Astrue v. Ratliff*, the Supreme Court held that plaintiffs, rather than their attorneys, are the true "prevailing parties" who are entitled to EAJA awards. *Astrue v. Ratliff*, 560 U.S. 586, 589–96 (2010) (interpreting 28 U.S.C. § 2412(d)). Following *Ratliff*, the Fifth Circuit held that "whereas [42 U.S.C.] § 406(b) fees are paid directly to the successful claimant's attorney, EAJA fees are paid to the claimant, who may or may not tender the award to counsel." *Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013).

---

[1] Plaintiff initially requested fees in the amount of $6,547.13 but after discussions with the Commissioner, reduced this amount to $6,412.14. *Id*.
[2] The two hourly rates listed for Attorney Treyvus reflect cost-of-living changes in 2023 and 2024, the respective years when Attorney Treyvus worked on this case. Pl.'s Mot. 3–4.

Subsequently, district courts in the Fifth Circuit have often ordered EAJA awards payable to the plaintiff, even if the plaintiff assigned his or her rights to the award to the attorney. *See, e.g.*, *Woelper v. Kijakazi*, No. EP-23-CV-00227-ATB, 2023 WL 8656929, at *2–3 (W.D. Tex. Dec. 14, 2023) (ordering EAJA award payable to plaintiff despite assignment agreement); *Carpenter v. Kijakazi*, No. 21-328, 2022 WL 16961122, at *1–2 (E.D. La. Nov. 16, 2022) (same); *McCullough v. Saul*, No. SA-18-CV-00128-ESC, 2019 WL 2774336, at *2 (W.D. Tex. July 2, 2019) (same).

At least one district court in the Fifth Circuit has ordered payment of an EAJA award to the attorney rather than the litigant. *Bolden v. Colvin*, 114 F. Supp. 3d 397, 399–400 (N.D. Miss. 2015). That court emphasized that "*Ratliff*'s use of the phrase 'payable to the litigant' has no bearing on to whom the payment may be directed" and "[t]hus, *Ratliff* cannot be construed to deny attorneys from acquiring beneficial interests in, or contractual rights to, any awards or fees directly payable to their clients." *Id.* at 399. The court elaborated that "honoring fee assignments would alleviate collection problems for attorneys who are already statutorily limited to a relatively low fee, thereby serving the EAJA's policy aims of reducing the 'disincentives for those who would defend against unjustified governmental action.'" *Id.* at 400 (quoting *United States v. Claro*, 579 F.3d 452, 466 (5th Cir. 2009)).

Here, Plaintiff and her counsel entered into a fee agreement where Plaintiff assigned the payment of fees to her counsel. Pl.'s Mem. 17; Ex. C, at 7, ECF No. 17-2. Moreover, the Commissioner does not appear to oppose Plaintiff's request that the fee award be paid directly to Plaintiff's attorney, rather than to Plaintiff herself. Pl.'s Mem. 16–17. This Court recognizes the logic of the *Bolden* court's reasoning. Nevertheless, considering *Ratliff*, *Jackson*, and the majority approach of Fifth Circuit district courts, this Court will make the EAJA award payable to Plaintiff

but sent in care of Plaintiff's attorney to the attorney's address. *See, e.g.*, *Woelper*, 2023 WL 8656929, at *2–3 (ordering EAJA fee payable to plaintiff but sent in care of plaintiff's attorney to the attorney's address); *Sotello v. Comm'r of Soc. Sec.*, No. 5:19-CV-00303-DAE, 2020 WL 7422102, at *1 (W.D. Tex. July 9, 2020) (same).

Having reviewed the record and considering that Plaintiff's Motion is unopposed, the Court finds that Plaintiff is entitled to an award of attorney fees under the EAJA as the prevailing party in this case. The Court grants Plaintiff's Motion for attorney fees payable to Plaintiff but sent in care of Plaintiff's attorney to the attorney's address.

**IT IS THEREFORE ORDERED** that Plaintiff's "Unopposed Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act" (ECF No. 17) is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** as to the amount requested but **DENIED** as to the request that the award be directly paid to Plaintiff's counsel.

**IT IS FURTHER ORDERED** that Plaintiff is awarded **$6,412.14** in attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), made payable to Plaintiff but sent in care of Plaintiff's attorney to the attorney's address on record.[3] The award is subject to any offset to satisfy Plaintiff's pre-existing federal debt, if any exists.[4]

---

[3] The attorney's address in Plaintiff's motion appears to have changed. *Compare* Pl.'s Mot. 1 (noting attorney's address in New York), *with Contact Us*, The Federal Appeals Firm, https://thefederalappealsfirm.com/contact-us/ (last visited June 10, 2025) (noting attorney's address in New Jersey). Given that the New Jersey address appears more recent, the fee shall be sent in care to:

Kira Treyvus
The Federal Appeals Firm
180 Tices Lane
Suite 204, Building A
East Brunswick, New Jersey 08816

[4] *See Jackson*, 705 F.3d at 531 n.11 ("Because the government pays EAJA fees directly to the litigant, the fees are also subject to an offset to satisfy any pre-existing debt that the litigant owed to the federal government.").

**SO ORDERED**.

**SIGNED** and **ENTERED** this 10th day of June 2025.

_____
**MIGUEL A. TORRES**
**UNITED STATES MAGISTRATE JUDGE**